## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **TIJUANA MINGO**<br>*on behalf of herself and others similarly situated,*<br><br>    Plaintiff,<br><br>vs.<br><br>**SPRINT CORPORATION**<br>(A Kansas Corporation)<br><br>    Defendant. | Jury Trial Demanded<br><br><br><br>Civil Action No.:  17-cv-2688 |

## COMPLAINT

### Collective Action under the Fair Labor Standards Act

**COMES NOW**, the Tijuana Mingo on behalf of himself and all others similarly situated, by and through her attorneys Brendan Donelon and Brent Hankins and brings this action against Defendant Sprint Corporation and for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons working as Business Inside Sales Organization ("BISO") Inside Sales Farmer, or other similarly situated employees of the Defendant, for the past three years for failing to properly pay overtime compensation. The following allegations are based on personal knowledge as to Plaintiff's conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.   This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action is being

brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391 because Defendant operates a place of business in Overland Park, Kansas, does business in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Sprint Corporation ("Sprint") operates its headquarters in Overland Park, Kansas. It is a Kansas Corporation registered to do businees, and in good standing, in the state of Kansas. Defendant's registered agent is the Corporation Service Company located at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas.

4. Sprint is engaged in interstate commerce by, among other things, selling and providing wireless communication services to persons and businesses throughout the United States.

5. Upon information and belief, Sprint's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

6. Sprint is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Plaintiff Tijuana Mingo is an adult resident of the state of Missouri who currently resides in Kansas City, Missouri. Plaintiff worked for Sprint as a BISO Inside Sales Farmer from on or about July 2014 through on or about March 2015 at Sprint's office located in Overland Park, Kansas. Numerous other BISO Inside Sales Farmers worked with the Plaintiff at this location.

8. Plaintiff, and others similarly situated, are current or former "employees" of Sprint within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Plaintiff and others similarly situated have been employed by Sprint within two to three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

10. Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

11. Plaintiff and others similarly situated are individuals who were, or are, employed by Sprint as BISO Inside Sales Farmers, or as employees with similar job duties, throughout the country during the applicable statutory periods.

12. In addition to Overland Park, Kansas, Sprint employs BISO Inside Sales Farmers, or employees with similar job duties, at other offices located in Georgia, Florida, and Kentucky

## **FACTUAL ALLEGATIONS**

13. Plaintiff and others similarly situated worked as BISO Inside Sales Farmers, or as employees with similar job duties, for Sprint.

14. Sprint is a telecommunications company that, among other things, sells and provides wireless communication services to customers including individuals and businesses.

15. As BISO Inside Sales Farmers, Plaintiff and others similarly situated had or have the primary duty of selling and servicing wireless communication services to small businesses over the phone.

16. The FLSA requires covered employers, such as Sprint, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate

of pay for work performed in excess of forty (40) hours per workweek. When calculating the regular rate of pay, it shall include all nondiscretionary compensation.

17. Sprint classified BISO Inside Sales Farmers at all its office locations as nonexempt employees who are eligible for overtime pay under the FLSA. Regardless, the Plaintiff's, and others similarly situated, primary job duties entitled them to overtime pay under the FLSA.

18. Sprint provided centralized human resource, timekeeping, and payroll services for Plaintiff and others similarly at its offices located in Overland Park, Kansas; Georgia; Florida; and Kentucky.

19. However, regardless of location, Plaintiff and others similarly situated, routinely worked in excess of forty hours per workweek during their employment with Sprint without receiving overtime compensation as required under the FLSA.

20. Under its policy/practice, Sprint failed to properly pay the Plaintiff and others similarly situated overtime pay for work performed in excess of forty hours per week. Instead, and as policy/practice, Sprint would routinely require Plaintiff and others similarly situated to report forty hours per work week on its time keeping system, or Sprint would simply report these hours on their behalf in the same system.

21. Sprint had both actual and constructive knowledge that Plaintiff and others similarly situated were working in excess of the reported hours worked, yet failed to properly compensate them for this overtime pay, thus violating the FLSA.

22. This illegal policy occurred throughout the weeks of Plaintiff's employment with the Sprint as well as the weeks of other similarly situated employees who also routinely worked in excess of forty hours per workweek. On average, the Plaintiff Mingo would work forty five to fifty hours per week, but due to Sprint's

policy/practice was only being paid for forty hours, and was not receiving any overtime pay for hours worked in excess of forty per workweek.  Plaintiff's co-employees at the Overland Park, Kansas; Georgia; Florida; and Kentucky offices were subject to this similar policy/practice.

23. Sprint was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of overtime compensation.

24. Sprint's conduct was willful and in bad faith.

25. Regardless of location, Sprint routinely suffered and permitted Plaintiff and others similarly situated to work more than forty (40) hours per week and did not correctly pay them the overtime compensation that they were due.

26. Upon information and belief, Sprint did not keep accurate records of these hours worked by Plaintiff and others similarly situated as required by law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

28. Plaintiff files this action on behalf of himself and all individuals similarly situated.  The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked as a BISO Inside Sales Farmers (or persons with similar job duties) for Sprint within three years prior to the filing of this Complaint, but excluding any person who participated via consent in the FLSA collective action *McGlon, et al. v. Sprint Corporation, et al.*, D.Kan. case no.: 2:16-cv-2099-JAR (hereafter the "FLSA Collective").

29. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A.

5

30. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

31. Sprint failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

32. Plaintiff and the FLSA Collective are victims of Sprint's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

33. Sprint willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation. Sprint's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

34. Sprint is liable under the FLSA for failing to properly compensate Plaintiff and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Sprint who have suffered from Sprint's common policies and plans of failing to pay for overtime hours worked, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Sprint and are readily identifiable through Sprint's records.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
### *On Behalf of Plaintiff and Those Similarly Situated*

35. Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

36. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

37. Sprint suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

38. Sprint's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

39. Sprint knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

40. As the direct and proximate result of Sprint's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

41. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Sprint has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Sprint knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Sprint finding it failed to pay Plaintiff and those similarly situated overtime as required under the FLSA;

c) Judgment against Sprint for Plaintiff and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Sprint's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## DEMAND FOR JURY

The Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

## **LOCATION OF TRIAL**

The Plaintiff hereby states that the location of the trial in this matter should be Kansas City, Kansas.

Respectfully Submitted,

/s/ Brendan Donelon
Brendan J. Donelon KS 17420
DONELON, P.C.
420 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 221-7100
Fax: (816) 709-1044
brendan@donelonpc.com

-and-

/s/ R. Brent Hankins
R. Brent Hankins, KS 26165
R. Brent Hankins, P.C.
117 West 20th Street, Ste. 201
Kansas City, MO 64108
Tel: (816) 471-8419
Fax: (816) 531-3600
brent@hankinslaw-pc.com

ATTORNEYS FOR PLAINTIFF