# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TIJUANA MINGO, et al.,

    Plaintiffs,

v.

SPRINT CORPORATION, et al.,

    Defendants.

Case No. 2:17-CV-2688-JAR-KGG

## MEMORANDUM AND ORDER

This is a wage-and-hour action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), on behalf of certain of Defendants' current and former sales employees, alleging that Defendants have failed to properly pay overtime compensation. This matter is before the Court on Defendants' Motion to Dismiss Opt-in Plaintiffs Who Failed to Respond to Discovery (Doc. 53). Plaintiffs do not oppose Defendants' motion to dismiss the non-responsive Plaintiffs, but ask that dismissal be without prejudice and that attorneys' fees not be awarded. Defendants also seek the dismissal with prejudice of an opt-in plaintiff who improperly withdrew his consent to join this action, and the dismissal with prejudice of three opt-in plaintiffs whose claims they contend are time-barred. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I. Background

This action was filed on December 6, 2017.[1] Since that date, sixty individuals have filed consents to join this lawsuit as plaintiffs. On August 6, 2018, Defendants served a set of

---
[1] Doc. 1.

discovery requests on each individual Plaintiff who had opted in by that date.² The original deadline for responses to Defendants' discovery was September 5, 2018, but the parties agreed to a forty-five-day extension, making the new deadline October 20, 2018. On October 26, Defendants' counsel contacted Plaintiffs' counsel seeking information about the status of the discovery requests,³ and seven opt-in plaintiffs eventually responded outside the October extension. On November 5, Defendants' counsel told Plaintiffs' counsel that they would file a motion pursuant to Fed. R. Civ. P. 37(d) with respect to any remaining opt-in plaintiffs for whom responses were not received by Monday, November 12, 2018.⁴ As of the filing of Defendants' motion, nineteen opt-in plaintiffs had not responded to the discovery requests. Plaintiffs' counsel has "attempted to reach these persons via letters, emails, and phone calls."⁵ Further, "the importance of their cooperation in discovery" has been explained to them, and they have been "warned that their failure to comply could very well lead to the dismissal of their claims."⁶ Additionally, one opt-in plaintiff previously attempted to withdraw his consent to join the lawsuit after Defendants filed their answer.⁷ And finally, three opt-in plaintiffs indicated in their discovery responses that their employment dates fell outside the FLSA's three-year statute of limitations.⁸

---

² Doc. 45.

³ Doc. 53-4.

⁴ Doc. 53-6

⁵ Doc. 54 at 2.

⁶ *Id.*

⁷ Doc. 47.

⁸ Docs. 5-1, 10-1, 17-1.

## II. Discussion

### A. Motion to Dismiss Opt-in Plaintiffs

Rule 37(d) allows the court to order any sanction listed in Fed. R. Civ. P. 37(b)(2)(A) if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Rule 37(b)(2)(A)(v) permits the court to issue "[a]n order . . . dismissing the action or proceeding or any part thereof" for a party's failure to provide or permit discovery. Dismissal with prejudice, however, is an extreme sanction, and the Tenth Circuit cautions district courts to consider certain factors before choosing dismissal with prejudice as a just sanction.[9] These factors include: "(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions."[10]

With regard to the first factor, the Court finds that Defendants would be significantly prejudiced if the non-responding Plaintiffs were allowed to remain in this suit because Defendants are limited to twenty depositions and need time to "make informed decisions on deponents and get depositions scheduled.[11] The parties' deadline to complete written and deposition discovery is January 31, 2019, which is little over one month away. Regarding the second and third factors, the non-responding Plaintiffs ignored explicit deadlines imposed by the Court—despite a nearly two-month extension—without any stated justification. The fourth factor also mitigates in favor of dismissal with prejudice: although the Court has not issued an

---

[9] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

[10] *Jones*, 996 F.2d at 264 (citing *Ehrenhaus*, 965 F.2d at 921).

[11] Doc. 42 at 5; Doc. 53-4.

order to compel discovery, these Plaintiffs were explicitly warned by their counsel that failure to respond to discovery could "very well lead" to the dismissal of their claims.[12] Finally, under the fifth factor, given the deadline extension already granted to the Plaintiffs, no other sanction would provide appropriate relief.

Plaintiffs ask that the opt-in plaintiffs' claims be dismissed without prejudice because "it is quite possible that legitimate reasons exist as to why these persons remain nonresponsive."[13] Defendants respond that this request is without legal authority and unjustified under the circumstances. Further, Defendants state that dismissal without prejudice would unfairly expose Defendants to further litigation by non-responsive opt-in plaintiffs.[14] The Court agrees. Despite repeated contact from their own attorneys and a prolonged extension of time to respond, the opt-in plaintiffs have failed to respond to discovery or communicate with their counsel in litigation in which they asked to participate through opt-in consent.[15] Dismissal with prejudice is appropriate in circumstances where there is "willfulness, bad faith, or [some] fault of petitioner."[16] Plaintiffs offer no explanation or justification for their failure to comply or respond to their own counsel, demonstrating fault.

The Court finds that Defendants' motion to dismiss the nineteen opt-in plaintiffs who failed to respond to discovery should be granted with prejudice under the *Ehrenhaus* factors, and

---

[12] *Id*. *See Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, 2010 WL 3125955, at *6 (D. Kan. Aug. 6, 2010) (finding that an explicit warning from counsel, rather than the court, that noncompliance could lead to dismissal with prejudice of plaintiffs' claims constituted adequate warning).

[13] *Id*. at 3.

[14] Doc. 55 at 3. As Defendants note, this case has a predecessor, another collective action alleging the same claims, which these Plaintiffs did not join. *McGlon v. Sprint Corp., et al.*, Case No. 2:16-cv-2099-JAR (D. Kan. 2016).

[15] *See Scott*, 2010 WL 3125955, at *6–7 (dismissing with prejudice opt-in plaintiffs who failed to respond to discovery).

[16] *See Page v. Puritan-Bennett Corp.*, No. CIV. A. 89-2205-O, 1990 WL 81078, at *1 (D. Kan. May 24, 1990).

that dismissal with prejudice is appropriate for the following Plaintiffs: (1) Jimisa Adams; (2) Paige Bentancourt; (3) Tameka Broaden; (4) Tamika Calland; (5) Ruferia Davis; (6) Angel Delgado; (7) TiffAnnie Easter; (8) Joseph Edwards; (9) Cesar Florez; (10) Tony Hernandez; (11) Tierra Johnson; (12) Tariq Karim; (13) LaRhonda Nelson; (14) Michael Perry; (15) Jenny Raymond; (16) Merrisa Ryland; (17) Brandon Warren; (18) Mandella Walcott and (19) Davquatyah Yehudah.

### B. Motion to Involuntarily Dismiss Michael Turner

The Court finds that pursuant to Fed. R. Civ. P. 41(b), Plaintiff Michael Turner's claims should be dismissed without prejudice. Plaintiff Turner purportedly withdrew from this action seven months after Defendants filed their answer, without a court order or pursuant to a stipulation.[17] A plaintiff, however, may voluntarily dismiss his claim without a court order only if the notice of dismissal is filed before the defendant files an answer or by stipulation of the parties.[18] Under Fed. R. Civ. P. 41(b), "if a plaintiff fails to prosecute or to comply with these rules . . . a defendant may move to dismiss the action or any claim against it." Defendants argue that Plaintiff Turner's failure to comply with the rules warrants dismissal with prejudice under Fed. R. Civ. P. 41(b). Plaintiffs do not respond or otherwise address Defendants' motion to involuntarily dismiss Plaintiff Turner under Fed. R. Civ. P. 41(b), and the motion is thus uncontested.[19] The Court finds, however, that dismissal *without* prejudice is the proper remedy here. It is not clear that Plaintiff Turner is still represented by Plaintiffs' counsel following the withdrawal of his consent, and dismissal with prejudice is "an extreme sanction," which courts

---

[17] Doc. 47.

[18] Fed. R. Civ. P. 41(a)(1). Other courts have similarly found that opt-in plaintiffs cannot unilaterally withdraw their consent after the defendant has answered. *Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2015 WL 6670109, at *4 (S.D. Fla. Oct. 30, 2015).

[19] D. Kan. Rule 7.4 (permitting the Court to grant an uncontested motion).

5

impose with caution.[20] Although Plaintiff Turner's previous withdrawal on August 23, 2018 was improper, dismissal without prejudice under Fed. R. Civ. P. 41(b) is the appropriate sanction.[21]

### C. Motion to Dismiss Time-Barred Plaintiffs

Finally, Defendants move to dismiss the claims of time-barred Plaintiffs Stacy Dass, Loreen Morris, and Felichia Wright. Plaintiffs do not oppose the motion. The statute of limitations on FLSA claims is two years, or three years for willful violations.[22] The limitations period of an opt-in plaintiff is calculated from the date on which her consent form is filed.[23] Plaintiff Dass filed her consent on December 6, 2017, Plaintiff Morris on December 29, 2017, and Plaintiff Wright on January 10, 2018.[24] Employment records show, however, that Plaintiffs Dass, Morris, and Wright have not worked for Defendants since 2013.[25] Plaintiffs' counsel states that he sent letters to these three Plaintiffs and requested they contact counsel if the dates provided on their employment records were incorrect.[26] Plaintiffs' counsel never heard back from the three opt-in plaintiffs.[27] Accordingly, the Court dismisses the claims of Plaintiffs Dass, Morris, and Wright with prejudice as time-barred under the FLSA three-year statute of limitations.

---

[20] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

[21] *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (holding that a district court may use Rule 41(b) to dismiss a case without prejudice when plaintiffs have failed to comply with the federal rules).

[22] 29 U.S.C. § 255(a).

[23] 29 U.S.C. § 256(a).

[24] Docs. 5-1, 10-1, 17-1.

[25] Doc. 53-5, Ex. D at 2.

[26] Doc. 54 at 4.

[27] *Id*.

### D. Attorneys' Fees

Defendants seek $1,000 in attorneys' fees incurred in connection with filing the instant motion. Under Fed. R. Civ. P. 37(d)(3), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." In response to Defendants' request for fees, Plaintiffs offer two objections: 1) it is not clear how such fees were incurred since the only time attributable to a fee request would be time spent on the present motion to dismiss, which Plaintiffs have not opposed; and 2) Defendants failed to comply with D. Kan. Rule 37.2. D. Kan. Rule 37.2 requires an attorney to confer with opposing counsel concerning a discovery matter in dispute before filing a motion for relief.[28] Further, the moving attorney must certify with particularity the steps taken by all attorneys to resolve the issue in dispute.[29]

The Court finds that Defendants' counsel complied with D. Kan. Rule 37.2. The record includes multiple communications between counsel regarding the status of discovery requests,[30] and Defendants' counsel explicitly warned Plaintiffs' counsel that they planned to file the present motion.[31] Defendants' counsel submitted certification of their attempts to confer with Plaintiffs regarding the non-responsive opt-in plaintiffs.[32] Further, Defendants make clear that the fees incurred indeed relate to the instant motion.

---

[28] D. Kan. Rule 37.2.

[29] *Id*.

[30] Docs. 53-3, Ex. B; 54-5, Ex. C.

[31] Doc. 53-6, Ex. E.

[32] Doc. 53-1.

The Court finds, however, that an award of attorneys' fees would be unjust under the circumstances in this case. Judge Lungstrum of this District has found that assessing a fee against opt-in plaintiffs for discovery failures is unjust when those Plaintiffs have not been warned that a fee could be assessed against them if they fail to respond.[33] Here, although Plaintiffs' counsel warned the non-responding Plaintiffs that failure to respond could lead to dismissal of their claims, there is no evidence that counsel warned Plaintiffs that their failure to do so could result in fees assessed against them. Further, Judge Melgren of this District has found that a fee award against attorneys is unjust where the attorneys made "significant efforts to obtain responses from opt-in class members."[34] It is uncontested that "Plaintiff's counsel has used every tool at their disposal to evoke a response to their efforts to obtain discovery responses from the . . . opt-in plaintiffs."[35] For these reasons, the Court denies Defendants' request for $1,000 in attorneys' fees.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 53) is **granted in part** and **denied in part**. The motion is **granted with prejudice** to as to the following Plaintiffs: (1) Jimisa Adams; (2) Paige Bentancourt; (3) Tameka Broaden; (4) Tamika Calland; (5) Ruferia Davis; (6) Angel Delgado; (7) TiffAnnie Easter; (8) Joseph Edwards; (9) Cesar Florez; (10) Tony Hernandez; (11) Tierra Johnson; (12) Tariq Karim; (13) LaRhonda Nelson; (14) Michael Perry; (15) Jenny Raymond; (16) Merrisa Ryland; (17) Brandon Warren; (18) Mandella Walcott; (19) Davquatyah Yehudah; (21) Stacy Dass; (22) Loreen Erica Morris; and (23) Felichia Wright. The motion is **granted without prejudice** as to Plaintiff Michael Turner. Defendants' request for $1,000 in attorneys' fees is **denied**.

---

[33] *See McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2011 WL 13076910, at *3 (D. Kan. July 8, 2011).
[34] *Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, 2010 WL 11565526, at *7 (D. Kan. Jan. 28, 2010).
[35] Doc. 55 at 2.

**IT IS SO ORDERED.**

Dated: December 20, 2018

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE