# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TIJUANA MINGO, et al.,

    **Plaintiffs,**

v.

    Case No. 2:17-CV-2688-JAR-KGG

SPRINT CORPORATION, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This wage-and-hour action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, is before the Court on Defendants' Second Motion for Sanctions and to Dismiss Certain Opt-In Plaintiffs and Suggestions in Support (Doc. 84). The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, Defendants' motion is denied without prejudice to refiling, and Plaintiffs Christopher DeJesus, Scott Fancher, Shawna Hardy, and Lee Newton are ordered to provide dates and appear for their depositions by the deadlines set forth herein.

**I.    Background**

Plaintiff Tijuana Mingo filed this action on December 6, 2017, alleging that Defendants have failed to properly pay overtime compensation to certain of their current and former sales employees.[1] Since that date, sixty individuals have filed consents to join this lawsuit as plaintiffs. On November 16, 2018, Defendants' counsel sent Plaintiff's counsel a list of twenty opt-in plaintiffs whom Defendants sought to depose in accordance with the scheduling order,[2]

---

[1] Doc. 1.

[2] Doc. 84-1 at 3.

which permits Defendants to depose no more than twenty plaintiffs and which initially provided a deadline of January 31, 2019 for the completion of discovery relating to collection certification.[3] Defendants' counsel asked Plaintiff's counsel to provide deposition dates in December 2018 and January 2019.[4] On December 6, 2018, Plaintiff's counsel responded by providing multiple dates in December and January on which he was available for depositions; Defendants' counsel replied on the same date, confirming that all but one of those dates would also work for Defendants.[5]

On the same date on which Defendants initially sought deposition dates for twenty opt-in plaintiffs, November 16, 2018, Defendants moved for the dismissal with prejudice of the claims of certain other opt-in plaintiffs who had failed to respond to written discovery.[6] On December 21, 2018, the Court dismissed with prejudice, pursuant to Fed. R. Civ. P. 37(d), the claims of eighteen opt-in plaintiffs for failure to respond to written discovery.[7] The Court denied Defendants' request for sanctions, however, finding that an award of attorneys' fees would be unjust under the circumstances of the case.[8]

On January 7, 2019, Plaintiff's counsel provided deposition dates in January for four opt-in plaintiffs, but stated that he was still waiting for responses from the remaining sixteen

---

[3] Doc. 42 at 4–5.

[4] Doc. 84-1 at 3.

[5] *Id*. at 4.

[6] Doc. 53.

[7] Doc. 56. The Court's December 21, 2018 order initially dismissed the claims of nineteen rather than eighteen opt-in Plaintiffs for failing to respond to discovery. On January 10, 2019, the parties filed a Joint Motion to Amend/Correct the Court's December 21, 2018 Order (Doc. 59), in which they stated that one Plaintiff, Tamika Calland, should not have been among those dismissed because she had, in fact, responded to discovery. Thus, on January 15, 2019, the Court issued an Amended Memorandum and Order (Doc. 61) removing Ms. Calland from the list of dismissed plaintiffs.

[8] *Id*. at 7–8.

plaintiffs Defendants sought to depose.[9] On January 10, 2019, the parties filed a joint motion to extend the discovery deadline, stating that due to the volume of depositions to be taken and difficulties in scheduling them, the "parties need additional time for opt-in plaintiffs to provide their availability for, and to conduct, opt-in depositions before collective certification briefing."[10] The parties requested until February 28, 2019 to complete collective-certification discovery, and the Court granted that extension.[11]

In January and early February 2019, Defendants' counsel communicated frequently with Plaintiff's counsel about deposition scheduling, including Defendants' concern that certain opt-in plaintiffs were unresponsive to requests for deposition dates.[12] Plaintiff's counsel shared with Defendants' counsel that he had made multiple attempts to contact opt-in plaintiffs, but that some had not responded.[13] In fact, Plaintiff's response brief states that the failure of these opt-in Plaintiffs to respond "is not for lack of effort" and that Plaintiff's counsel has attempted to reach these individuals "via numerous emails and phone calls."[14]

As of the date Defendants filed the instant motion, five opt-in plaintiffs had not responded to requests for deposition dates. During the pendency of the motion, however, one of those plaintiffs provided a date for her deposition and was subsequently deposed.[15] Thus, four of the twenty opt-in Plaintiffs whom Defendants seek to depose—Christopher DeJesus, Scott Fancher, Shawna Hardy, and Lee Newton—remain non-responsive and are subject to

---

[9] Doc. 84-1 at 5.
[10] Doc. 58 at 2.
[11] Doc. 60.
[12] Doc. 84-1 at 2, ¶ 7.
[13] *Id*.
[14] Doc. 89 at 2.
[15] Doc. 91 at 1 n.1.

3

Defendants' second motion to dismiss.[16]  Defendants ask that the claims of these Plaintiffs be dismissed with prejudice under Fed. R. Civ. P. 37(d) and/or Fed. R. Civ. P. 41(b), and that Plaintiffs and/or their counsel be required to pay $2,500 in attorneys' fees that Defendants have incurred in bringing this and their prior motion to dismiss based on failure to provide written discovery.

After filing the motion currently before the Court, Defendants sought another extension of the collective-certification deadline on February 20, 2019, which Plaintiff did not oppose.[17]  In that motion, Defendants described ongoing problems in obtaining complete discovery from several opt-in plaintiffs and asked that they be granted "appropriate extensions of the discovery deadline and other Phase I deadlines based on discussions" during a conference call to be held with United States Magistrate Judge Kenneth G. Gale on March 4, 2019.[18]

In her response to Defendants' second motion to dismiss, Plaintiff states that she will "not oppose the dismissal of the four non-responsive plaintiffs . . . if they remain unresponsive as of the later of February 28, 2019 or any extension of the discovery which Defendants have requested."[19]  However, Plaintiff asks that any dismissal be without prejudice and opposes Defendants' request for attorneys' fees.

The February 28, 2019 discovery deadline came and went without Plaintiffs DeJesus, Fancher, Hardy, and Newton providing dates for their depositions.  Following the March 4, 2019

---

[16] *Id*. at 1.

[17] Doc. 88.

[18] *Id*. at 2.

[19] Doc. 89 at 2.

4

conference call, however, Judge Gale issued a revised scheduling order requiring the completion of collective-certification discovery by July 5, 2019.[20]

**II. Discussion**

Rule 37(d)(1)(A)(i) provides that "[t]he court where the action is pending may, on motion, order sanctions if a party . . . fails, *after being served with proper notice*, to appear for that person's deposition."[21] The sanctions permissible under this rule are those listed in Fed. R. Civ. P. 37(b)(2)(A), which provides in subpart (v) that the court may "dismiss[] the action or proceeding in whole or in part" for a party's failure to provide or permit discovery.[22] Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.[23]

Dismissal with prejudice is an extreme sanction, and the Tenth Circuit cautions district courts to consider certain factors before choosing dismissal with prejudice as a just sanction.[24] These factors include: "(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions."[25]

---

[20] Doc. 90 at 3.

[21] Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added).

[22] Fed. R. Civ. P. 37(b)(2)(A)(v).

[23] Fed. R. Civ. P. 41(b).

[24] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

[25] *Jones*, 996 F.2d at 264 (citing *Ehrenhaus*, 965 F.2d at 921).

Regarding Defendants' request for dismissal pursuant to Rule 37, there is no evidence before the Court that the four opt-in Plaintiffs in question have failed to appear for properly-noticed depositions. Because Rule 37(d) contains "mandatory language . . . requiring actual failure to report to a scheduled deposition before sanctions can be imposed,"[26] the Court will not dismiss these Plaintiffs' claims at this time. However, the Court finds that the failure of Plaintiffs DeJesus, Fancher, Hardy, and Newton to provide dates for their depositions is prejudicial to Defendants and interferes with the judicial process.

Defendants are permitted to depose only twenty plaintiffs in this case and should not be forced to wait until the expiration of the new July 2019 discovery deadline to know whether these Plaintiffs intend to make themselves available for deposition. These are all Plaintiffs who presumably responded to written discovery, a fact that undercuts their counsel's assertion that "it is possible that legitimate reasons exist as to why these four individuals remain non-responsive aside from the anxiety of being deposed."[27]

Accordingly, the Court orders Plaintiffs DeJesus, Fancher, Hardy, and Newton to provide dates for their depositions immediately and in no event later than March 29, 2019, with such depositions to take place no later than April 30, 2019. If Plaintiffs fail provide dates for their depositions by the deadline—or if Plaintiffs later fail to appear for their properly-noticed depositions—the Court will, upon a motion by Defendants, dismiss their claims with prejudice

---

[26] *Williams v. Bd. of Cty. Comm'rs of Unified Gov't of Wyandotte Cty. and Kan. City, Kan.*, 192 F.R.D. 698, 706 (D. Kan. 2000); *see also, e.g.*, *Utility Trailer Sales of Kan. City, Inc. v. Mac Trailer Mfg., Inc.*, Civil Action No. 09-2023-JWL, 2010 WL 11413333, at *2 (D. Kan. Mar. 22, 2010) ("To the extent the motion seeks sanctions for the alleged failure of Defendant to confirm the availability of its officers and personnel for deposition before [the] discovery deadline . . . , the Court finds no basis for sanctions. If [Defendant] failed to confirm availability for depositions after reasonable attempts to confer, Plaintiff was free to unilaterally select a deposition date and serve a timely notice for depositions on [Defendant]."); *VNA Plus, Inc. v. Apria Healthcare Group. Inc.*, No. Civ.A. 98-2138-KHV, 1999 WL 386949, at *10 (D. Kan. June 8, 1999) ("Fed. R. Civ. P. 37(d) provides for sanctions against a party failing to appear 'after being served with proper notice.'").

[27] Doc. 89 at 2.

pursuant to Rules 37(d)(1)(A)(i) and/or 41(b).[28]  Having declined to dismiss Plaintiffs' claims at this time, the Court denies without prejudice Defendants' request for attorneys' fees.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Second Motion for Sanctions and to Dismiss Certain Opt-In Plaintiffs and Suggestions in Support (Doc. 84) is **denied without prejudice**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiffs Christopher DeJesus, Scott Fancher, Shawna Hardy, and Lee Newton shall provide dates on which they are available for deposition by no later than **March 29, 2019**.  Plaintiffs' depositions are to take place no later than **April 30, 2019**.  If Plaintiffs DeJesus, Fancher, Hardy, and Newton fail provide dates for their depositions by March 29, 2019, or if they later fail to appear for their properly-noticed depositions, their claims will be subject to dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: March 21, 2019

                S/ Julie A. Robinson
                JULIE A. ROBINSON
                CHIEF UNITED STATES DISTRICT JUDGE

---

[28] *See Porter v. West Side Rest., LLC*, No. 13-1112-JAR-KGG, 2014 WL 5430249, at *2 (D. Kan. Oct. 24, 2014) (dismissing with prejudice claims of opt-in plaintiffs who failed to attend depositions on dates mutually agreed upon by counsel "despite written notices, phone calls, and certified letters").