#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIJUANA MINGO,** *on behalf of herself and others similarly situated,* | ) ) ) ) |
| Plaintiffs, | ) **Case No. 2:17-cv-02688-JAR-KGG** ) |
| vs. | ) ) ) |
| **SPRINT CORPORATION and SPRINT/UNITED MANAGEMENT COMPANY,** | ) ) ) ) |
| Defendants. | ) ) |

### ORDER

This matter comes before the Court on the Parties' Joint Motion for Granting Conditional Class Certification and Approval of Stipulation of Settlement Agreement and Release (Doc. 114) ("Motion"). With the findings below, the Parties' Motion is GRANTED.

WHEREAS:

A. This is a wage-and-hour action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (the "Civil Action"), by Named Plaintiff Tijuana Mingo on behalf of herself and certain current and former sales employees alleging Defendants Sprint Corporation and Sprint/United Management (collectively, "Sprint") failed to properly pay overtime compensation, which allegations Sprint denies;

B. On August 30, 2019, Named Plaintiff Tijuana Mingo, on behalf of herself and the Opt-In Plaintiffs described below (the "Collective Class Members"), and Sprint filed the aforementioned Motion under § 216(b) of the FLSA. The parties attached to the Motion the Stipulation of Settlement Agreement and Release negotiated and agreed to by the Parties and describing the settlement of this Civil Action (the "Settlement");

1

C.  This Court has duly considered all of the submissions presented with respect to the Motion and considered arguments from the parties' respective counsel during a September 13, 2019 telephone hearing;

D.  All capitalized terms in this Order ("Approval Order") that are not otherwise defined have the same meaning as in the Settlement.

NOW THEREFORE, after due deliberation and for the reasons stated more fully on the record at the September 13, 2019 hearing, this Court hereby ORDERS that:

1.  The Court hereby GRANTS final collective class certification under Section 216(b) of the FLSA of the following persons including the named plaintiff Mingo as this Court has found such persons to be similarly situated in their claims under the FLSA:

| Last Name | First name |
| --- | --- |
| Alston | Alicia |
| Bader | Frederick |
| Brown Jr. | Isaac |
| Bun Korphosy | Sokheang |
| Calland | Tameko |
| Carlock | Amber |
| Jackson | Kelvin |
| Kirk | Stacy |
| Klaiber | Sabrina |
| Leon | Jenese |
| Mingo | Tijuana |
| Montague II | Shawn |
| Mora | Brandon |
| Mora | William |
| Morton | Vanessa |
| Ponce | Matthew |
| Robert | Baronica |
| Roemer | Doug |
| Snodgrass | Justin |
| Stanford | Audrey |
| Thomas | Jackie |

| Thompson | Erik |
|---|---|
| Trenholm | Michael |
| Tribble | Troy |
| Young | Broderick |

2. This Approval Order will be binding on the Collective Class Members as defined in the Settlement.

3. The Settlement is fair, reasonable and adequate, is in the best interests of the Collective Class Members and should be approved, especially in the light of the benefits to the Collective Class Members accruing therefrom, the thorough discovery and investigation conducted by Collective Class Counsel prior to the Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

4. This Court certifies Tijuana Mingo as the Named Plaintiff and representative of the Collective Class Members in the negotiation of the Settlement as established in the Consent Forms filed with this Court by said Collective Class Members.

5. The Notice attached as Exhibit B to the Settlement fully and accurately informs the Collective Class Members of all material elements of the Civil Action and the Settlement.

6. The Parties propose to disseminate the aforesaid Notice to all Collective Class Members via first class mail and email to the last known addresses of all Collective Class Members. Accompanying the Notice, Collective Class Counsel will distribute the settlement checks issued by Defendants in the same mailing. Cashing or otherwise negotiating either settlement check within ninety (90) days shall constitute acceptance of and participation in the Settlement. This Court finds the form and method of disseminating the Notice and for Collective Class Members to make claim as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

6. Based on the foregoing, the proposed Notice and the method for making a claim are hereby approved by the Court.

7. Within thirty (30) days after entry of this Order, Collective Class Counsel shall mail the Notice to all Collective Class Members. As stated above, Collective Class Members shall have ninety days (90) from the date of mailing of the Notice to cash or otherwise negotiate either settlement check, which shall constitute acceptance of and participation in the Settlement.

8. The Court hereby approves the Collective Class Counsel's request for attorneys' fees of $41,666.67, which is 33% of the Gross Settlement Fund and approves their costs and expenses of $14,323.00 to be paid from the Gross Settlement Fund. The Court also grants Tijuana Mingo's request for payment of $1,500.00 for a service award under the terms of the Settlement.

9. The Settlement is hereby approved in accordance with Section 216 of the FLSA and shall be consummated in accordance with the terms and provisions thereof.

10. This Civil Action is hereby dismissed in its entirety, on the merits, as against Defendants Sprint Corporation and Sprint/United Management Company with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement. This Court intends this Order of Approval to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

11. All Collective Class Members who cash or otherwise negotiate either settlement check, thereby indicating their intent to participate in the Settlement, shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all Released Claims arising during the Covered Period. Within 30 days after the deadline to cash or otherwise

negotiate settlement checks, Collective Class Counsel shall file a list of all such Collective Class Members who indicated their intent to participate in the Settlement.

12.     Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this Approval Order. In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over Defendants, Named Plaintiffs and each Collective Class Member for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the implementation of the terms of the Settlement and this Approval Order. Defendants, the Named Plaintiff and each Collective Class Member are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Order of Approval or the Settlement.

13.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Approval Order.

**IT IS SO ORDERED.**

Dated: September 18, 2019

s/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE